**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Samuel T. Whatley, II, | C/A: 2:23-cv-833-RMG |
| Plaintiff, | |
| v. | |
| Charleston County Board of Elections, *et al.*, | **ORDER AND OPINION** |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 18) of the Magistrate Judge recommending that the Court dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint without leave to amend and without prejudice.

## I.    Background and Relevant Facts

Plaintiff bring this action against the Charleston County Board of Elections (the "Board"); the South Carolina Election Commission (the "Election Commission"); and the South Carolina Ethics Commission (the "Ethics Commission") (collectively, "Defendants") pursuant to 52 U.S.C. §§ 20971 and 20106. Plaintiff asserts, "Failure to notify plaintiff of election results and ballot verification for the first election on November 8th, 2022, and removing the plaintiff from the ballot for the special election on February 7th, 2023. Failure to provide proof of notice to voters in the district to plaintiff. Non-feasance of state authorities who did nothing upon receiving several complaints from plaintiff about the machines connecting to the Internet and an outsourced Chinese authenticator known as Feitian in the system among other concerns. Inadequate disability services provided to voters." The laws cited by Plaintiff are the Help America Vote Act of 2002, 52 U.S.C. §§ 20901–21145 ("HAVA") and Voting Accessibility for the Elderly and Handicapped Act, 52

U.S.C. §§ 20101–20107 ("VAEHA"). (Dkt. No. 18 at 7-8).  Plaintiff seeks the following relief, "[P]roof of National Institute of Standards and Technology laboratory accreditation for voting machines used in the county by state and local authorities. Compensation for failure to notify plaintiff about election results, registration requirements for the special election, removing plaintiff from the ballot, allowing other candidates to solicit signs on school-premises violating its own policy, and inaction by state authorities." (*Id.* at 1-2).

On May 30, 2024, the Magistrate Judge filed an R&R recommending that Plaintiff's complaint be dismissed without prejudice and without leave to amend. (Dkt. No. 18) (noting Plaintiff had previously been provided a chance to amend his complaint but declined to do so).

Plaintiff filed objections to the R&R. (Dkt. No. 20).

## II.    Legal Standards

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs filed objections to the R&R, the R&R is reviewed de novo.

## III.    Discussion

After a careful review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's complaint fails to state a claim upon which relief may be granted. First, the Magistrate Judge correctly determined that both HAVA and VAEHA concern *federal* elections, not the municipal elections Plaintiff appears to be challenging. Thus, the Court lacks federal question jurisdiction over Plaintiff's complaint. (Dkt. No. 18 at 8-9) (noting the Court further lacks diversity jurisdiction over any other claims Plaintiff may be asserting because all parties are citizens of South Carolina). Second, the Magistrate Judge correctly determined Plaintiff lacks standing to bring claims here:

> Despite Plaintiff's supplemental filings (Dkt. No. 15), the Complaint still does not indicate that he has met the three requirements outlined above. Once again, the confused nature of the Complaint makes it difficult to ascertain the precise injury of which Plaintiff complains, although a liberal construction of the initial filings suggests that he is challenging his apparent loss and/or removal from the ballot in either one or both of the municipal elections. (Dkt. No. 1 at 4; Dkt. No. 15 at 25.) It remains unclear, however, which of the purported wrongdoings referenced in the Complaint contributed to Plaintiff's failure in the election(s) and how the results of the election(s) were inaccurate, such that a favorable judicial decision would remedy the injustice apparently experienced by Plaintiff. *See Sakthivel v. Jaddou*, No. 21-1207, 2023 WL 2888565, at *4 (4th Cir. Apr. 11, 2023) (explaining that the injury cannot be "too speculative for Article III purposes"). Thus, the undersigned still cannot discern a clear personalized injury from Plaintiff's allegations and therefore finds that he may also lack standing to bring the instant lawsuit against Defendant

(*Id.* at 10-11).

Plaintiff filed objections to the R&R. (Dkt. No. 20). The Court overrules Plaintiff's objections. Plaintiff's objections do not address the R&R's finding that the statutes cited by Plaintiff in his complaint are inapposite. Nor does Plaintiff address his lack of standing to pursue claims as noted above. Plaintiff instead states there was "blatant interference and political persecution targeting a candidate" and that the county lacked "disability accommodations" in 2022 for his "immediate family." Such objections, however, do not address the legal deficiencies with Plaintiff's complaint stated above. Accordingly, Plaintiff's objections are overruled.

**IV.    Conclusion**

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 18) as the Order of the Court and **DISMISSES** the instant action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

June 13, 2024
Charleston, South Carolina